UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MULLINS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| POLICE OFFICER TORY BRIDGEFORTH; ) | Judge |
| SOUTH SUBURBAN COLLEGE; and ) | |
| VILLAGE OF DIXMOOR, ILLINOIS; ) | |
| ) | Jury Demand |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Jeffrey Mullins, by and through his attorney, David S. Lipschultz, and complaining of the Defendants, Police Officer Tory Bridgeforth; South Suburban College; and Village of Dixmoor, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

### PARTIES

4. The Plaintiff, Jeffrey Mullins (hereinafter "Mr. Mullins"), is a resident of the State of Illinois.

1

5. Defendant Police Officer Tory Bridgeforth (hereinafter "Officer Bridgeforth") was, at various times relevant to this Complaint, an employee of South Suburban College and the Village of Dixmoor, serving as a police officer.

6. At all times relevant to this Complaint at Law, Officer Bridgeforth was acting under color of law and within the scope of employment with South Suburban College in one incident and the Village of Dixmoor in the other.

7. Defendant South Suburban College is a community college in South Holland, Illinois. All police officers of the South Suburban College are vested by the State of Illinois with full police authority. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

8. Defendant Village of Dixmoor is a municipal corporation in the County of Cook, State of Illinois. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

## FACTUAL ALLEGATIONS

9. Officer Bridgeforth waged a vendetta against Mr. Mullins by falsely arresting him two different times in two different jurisdictions within three months.

**First of Two False Arrests by Officer Bridgeforth of Mr. Mullins**

10. On or about November 17, 2016, Mr. Mullins was located at South Suburban College, 15800 South State Street, South Holland, Illinois.

11. At this time, Officer Bridgeforth was a police officer with the South Suburban College Police Department.

12. Officer Bridgeforth detained Mr. Mullins without a lawful basis.

13. Officer Bridgeforth searched Mr. Mullins' automobile without legal grounds.

14. Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

15. Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest.

16. Mr. Mullins had committed no crimes whatsoever.

17. Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

18. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

19. As a result of this arrest and Officer Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

20. Plaintiff suffered other damages.

**Second of Two False Arrests by Officer Bridgeforth of Mr. Mullins**

21. On or about February 19, 2017, Mr. Mullins was driving at approximately 153rd Street and Wood Street in Dixmoor, Illinois. Mr. Mullins drove to 148th Street and Wood Street, in Harvey, Illinois.

22. At this time, Officer Bridgeforth was a police officer with the Village of Dixmoor Police Department.

23. At 158th Street and Wood Street, in Harvey, Illinois, Officer Bridgeforth conducted a police stop of Mr. Mullins without a lawful basis.

24. This police stop occurred four days before a court hearing in which Mr. Mullins

was a criminal defendant based on Officer Bridgeforth's first false arrest of Mr. Mullins, on November 17, 2017, detailed above.

25. Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

26. Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest, the same charges he filed against Mr. Mullins on November 17, 2017.

27. Mr. Mullins had committed no crimes whatsoever.

28. Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

29. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

30. As a result of this arrest and the Officer Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

31. Plaintiff suffered other damages.

### COUNT I
### SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
### AGAINST OFFICER BRIDGEFORTH
### FOR INCIDENT DATED NOVEMBER 17, 2016

32. Plaintiff incorporates paragraphs 1 through 20 by reference as if fully set forth herein.

33. South Suburban College Police Officer Tory Bridgeforth did not have probable cause to arrest the Mr. Mullins on November 17, 2016.

34. The actions of Officer Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

4

35. As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Jeffrey Mullins, prays that judgment be entered against Police Officer Tory Bridgeforth, awarding compensatory damages, punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

## COUNT II
### SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
### AGAINST OFFICER BRIDGEFORTH
### FOR INCIDENT DATED FEBRUARY 19, 2017

36. Plaintiff incorporates paragraphs 1 through 9, and 21 through 31, by reference as if fully set forth herein.

37. South Suburban College Police Officer Tory Bridgeforth did not have probable cause to arrest the Mr. Mullins on February 19, 2017.

38. The actions of Officer Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

39. As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Jeffrey Mullins, prays that judgment be entered against Police Officer Tory Bridgeforth, awarding compensatory damages, punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

## COUNT III
### SECTION 1983 EQUAL PROTECTION CLASS-OF-ONE

40. Plaintiff incorporates paragraphs 1 through 31 by reference as if fully set forth herein.

41. Plaintiff was the victim of discrimination intentionally visited on him by a state actor, Officer Bridgeforth, who knew or should have known that he had no justification, based on his public duties, for singling out the Plaintiff for unfavorable treatment.

42. Officer Bridgeforth acted for personal reasons, with discriminatory intent and effect.

43. As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Jeffrey Mullins, prays that judgment be entered against Police Officer Tory Bridgeforth, awarding compensatory damages, punitive damages, reasonable attorneys fees and costs, and such further relief as this Court deems just.

## COUNT IV
### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102
### AGAINST SOUTH SUBURBAN COLLEGE

44. Plaintiff incorporates paragraphs 1 through 20, paragraphs 32 through 35, and paragraphs 41 to 43 by reference as if fully set forth herein.

45. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

46. Officer Bridgeforth was an employee of South Suburban College and acted within

the scope of his employment for the South Suburban College Police Department in committing the acts described herein.

WHEREFORE, should the Officer Bridgeforth be found liable for the acts alleged above, Defendant South Suburban College would be liable to pay the Plaintiff any judgment obtained against Officer Bridgeforth.

## COUNT V
### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102
### AGAINST VILLAGE OF DIXMOOR

47. Plaintiff incorporates paragraphs 1 through 9, paragraphs 21 through 31, paragraphs 36 through 39, and paragraphs 41 to 43 by reference as if fully set forth herein.

48. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49. Officer Bridgeforth was an employee of the Village of Dixmoor and acted within the scope of his employment for the Village of Dixmoor in committing the acts described herein.

WHEREFORE, should the Officer Bridgeforth be found liable for the acts alleged above, Defendant Village of Dixmoor would be liable to pay the Plaintiff any judgment obtained against Officer Bridgeforth.

**JURY DEMAND**

The Plaintiff requests a trial by jury.

                                    Respectfully submitted,

                                    JEFFREY MULLINS

                                  */s/* David S. Lipschultz
                                  David S. Lipschultz

David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Avenue, Suite 201
Chicago, Illinois 60604
Telephone: 312-414-1778
Fax: 312-414-1887
Email: david@dsllawoffice.com