**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 18-CV-3676 |
| | ) | |
| | ) | Judge Virginia M. Kendall |
| POLICE OFFICER TORY BRIDGEFORTH, | ) | |
| SOUTH SUBURBAN COLLEGE and | ) | |
| VILLAGE OF DIXMOOR, | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SOUTH SUBURBAN COLLEGE'S ANSWER
TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, South Suburban College ("Defendant College"), through its attorneys, for its Answer to Plaintiff's Complaint, state as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

**ANSWER: Defendant College denies that there were deprivations of the civil rights of the Plaintiff accomplished by acts and/or omissions of Defendants and committed under color of law. Defendant College admits the remaining allegations of this paragraph.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

**ANSWER: Defendant College admits the allegations of this paragraph.**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

**ANSWER: Defendant College denies that certain acts complained of occurred but**

1

**admits the remaining allegations of this paragraph.**

## PARTIES

4. The Plaintiff, Jeffrey Mullins (hereinafter "Mr. Mullins"), is a resident of the State of Illinois.

**ANSWER: Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

5. Defendant Police Officer Tory Bridgeforth (hereinafter "Officer Bridgeforth") was, at various times relevant to this Complaint, an employee of South Suburban College and the Village of Dixmoor, serving as a police officer.

**ANSWER: Defendant College admits that Defendant Police Officer Tory Bridgeforth was, at various times relevant to this Complaint, an employee of South Suburban College serving as a police officer. Defendant College lacks sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.**

6. At all times relevant to this Complaint at Law, Officer Bridgeforth was acting under color of law and within the scope of employment with South Suburban College in one incident and the Village of Dixmoor in the other.

**ANSWER: Defendant College admits that at all times relevant to this Complaint at Law, Officer Bridgeforth was acting under color of law and within the scope of employment with South Suburban College during the November 17, 2016 incident. Defendant College lacks sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.**

7. Defendant South Suburban College is a community college in South Holland, Illinois. All police officers of the South Suburban College are vested by the State of Illinois with full police authority. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

**ANSWER: Defendant College admits the allegations in the first and seconds sentences of this paragraph. Defendant College lacks sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.**

8. Defendant Village of Dixmoor is a municipal corporation in the County of Cook, State of Illinois. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

**ANSWER:** **Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

## FACTUAL ALLEGATIONS

9. Officer Bridgeforth waged a vendetta against Mr. Mullins by falsely arresting him two different times in two different jurisdictions within three months.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

### First of Two False Arrests by Officer Bridgeforth of Mr. Mullins

10. On or about November 17, 2016, Mr. Mullins was located at South Suburban College, 15800 South State Street, South Holland, Illinois.

**ANSWER:** **Defendant College admits the allegations of this paragraph.**

11. At this time, Officer Bridgeforth was a police officer with the South Suburban College Police Department.

**ANSWER:** **Defendant College admits the allegations of this paragraph.**

12. Officer Bridgeforth detained Mr. Mullins without a lawful basis.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

13. Officer Bridgeforth searched Mr. Mullins' automobile without legal grounds.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

14. Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

15. Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

16. Mr. Mullins had committed no crimes whatsoever.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

17. Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

18. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

**ANSWER:** **Defendant College denies that there was a falsified arrest report. Defendant College lacks sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.**

19. As a result of this arrest and Officer Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

20. Plaintiff suffered other damages.

**ANSWER:** **Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

### Second of Two False Arrests by Officer Bridgeforth of Mr. Mullins

21. On or about February 19, 2017, Mr. Mullins was driving at approximately 153rd Street and Wood Street in Dixmoor, Illinois. Mr. Mullins drove to 148th Street and Wood Street, in Harvey, Illinois.

**ANSWER:** **Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

22. At this time, Officer Bridgeforth was a police officer with the Village of Dixmoor Police Department.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

23. At 158th Street and Wood Street, in Harvey, Illinois, Officer Bridgeforth conducted a police stop of Mr. Mullins without a lawful basis.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

24. This police stop occurred four days before a court hearing in which Mr. Mullins was a criminal defendant based on Officer Bridgeforth's first false arrest of Mr. Mullins, on November 17, 2017, detailed above.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

25. Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

26. Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest, the same charges he filed against Mr. Mullins on November 17, 2017.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

27. Mr. Mullins had committed no crimes whatsoever.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

28. Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**ANSWER:  Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

29. The falsified arrest report was received by prosecutors and relied upon in

commencing and continuing the criminal prosecution of Plaintiff.

**ANSWER: Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

30. As a result of this arrest and the Officer Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

**ANSWER: Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

31. Plaintiff suffered other damages.

**ANSWER: Defendant College lacks sufficient information or knowledge to admit or deny the allegations of this paragraph.**

## COUNT I
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
## AGAINST OFFICER BRIDGEFORTH
## FOR INCIDENT DATED NOVEMBER 17, 2016

32. Plaintiff incorporates paragraphs 1 through 20 by reference as if fully set forth herein.

**ANSWER: Defendant College incorporates by references its responses to paragraphs 1 through 20 as if fully set forth herein.**

33. South Suburban College Police Officer Tory Bridgeforth did not have probable cause to arrest the Mr. Mullins on November 17, 2016.

**ANSWER: Defendant College denies the allegations of this paragraph.**

34. The actions of Officer Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER: Defendant College denies the allegations of this paragraph.**

35. As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

**Defendant, South Suburban College, denies that it is liable to plaintiff and prays that this count of Plaintiff's Complaint be dismissed with costs assessed against plaintiff.**

### COUNT II
### SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
### AGAINST OFFICER BRIDGEFORTH
### FOR INCIDENT DATED FEBRUARY 19, 2017

**Defendant College does not respond to the allegations in this count as it is directed against defendant Tory Bridgeforth.**

### COUNT III
### SECTION 1983 EQUAL PROTECTION CLASS-OF-ONE

40. Plaintiff incorporates paragraphs 1 through 31 by reference as if fully set forth herein.

**ANSWER:** **Defendant College incorporates by references its responses to paragraphs 1 through 31 as if fully set forth herein.**

41. Plaintiff was the victim of discrimination intentionally visited on him by a state actor, Officer Bridgeforth, who knew or should have known that he had no justification, based on his public duties, for singling out the Plaintiff for unfavorable treatment.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

42. Officer Bridgeforth acted for personal reasons, with discriminatory intent and effect.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

43. As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:** **Defendant College denies the allegations of this paragraph.**

**Defendant, South Suburban College, denies that it is liable to plaintiff and prays that this count of Plaintiff's Complaint be dismissed with costs assessed against plaintiff.**

### COUNT IV
### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102 AGAINST SOUTH SUBURBAN COLLEGE

44. Plaintiff incorporates paragraphs 1 through 20, paragraphs 32 through 35, and paragraphs 41 to 43 by reference as if fully set forth herein.

**ANSWER: Defendant College incorporates by references its responses to paragraphs 1 through 20, paragraphs 32 through 35, and paragraphs 41 through 43 as if fully set forth herein.**

45. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: The allegations contained in this paragraph constitute legal conclusions to which no response is required.**

46. Officer Bridgeforth was an employee of South Suburban College and acted within the scope of his employment for the South Suburban College Police Department in committing the acts described herein.

**ANSWER: Defendant College admits the allegations in this paragraph.**

**Defendant, South Suburban College, denies that it is liable to plaintiff and pray that this count of Plaintiff's Complaint be dismissed with costs assessed against plaintiff.**

### COUNT V
### INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102 AGAINST VILLAGE OF DIXMOOR

**Defendant College does not respond to the allegations in this count as it is directed against defendant Village of Dixmoor.**

8

**DEFENDANT DEMANDS TRIAL BY JURY**

                                           **SOUTH SUBURBAN COLLEGE,**

                     By:     *S/ Michael J. Victor*
                                  Michael J. Victor

Michael J. Victor, #6297846
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL   60062
Phone: 847/291-0200
Fax:     847/291-9230
Email:   mvictor@okgc.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 18-CV-3676 |
| ) | |
| ) | Judge Virginia M. Kendall |
| POLICE OFFICER TORY BRIDGEFORTH, ) | |
| SOUTH SUBURBAN COLLEGE and ) | |
| VILLAGE OF DIXMOOR, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 24, 2018, I electronically filed Defendant South Suburban College's Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will notify the following parties who are members to the system:

David S. Lipschultz
Law Offices of David S. Lipschultz
200 S. Michigan Ave., Suite 201
Chicago, IL 60604
E: david@dsllawoffice.com

By: *S/ Michael J. Victor*
Michael J. Victor, #6297846
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: mvictor@okgc.com

10