## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3676 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Virginia M. Kendall |
| TORY BRIDGEFORTH, SOUTH SUBURBAN | ) | |
| COLLEGE, and VILLAGE OF DIXMOOR, | ) | JURY TRIAL DEMANDED |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, VILLAGE OF DIXMOOR, by and through its attorney,

MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for its answer to

Plaintiff's complaint at law, states as follows:

### JURISDICTION AND VENUE

1.      This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983

and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress

deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the

Defendants and committed under color of law.

**ANSWER:**      **Defendant admits this action is brought pursuant to federal and state law but denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

**ANSWER:**      **Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.**

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts

complained of took place in this judicial district.

**ANSWER:**     Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.     The Plaintiff, Jeffrey Mullins (hereinafter "Mr. Mullins"), is a resident of the

State of Illinois.

**ANSWER:**     Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.     Defendant Police Officer Tory Bridgeforth (hereinafter "Officer Bridgeforth")

was, at various times relevant to this Complaint, an employee of South Suburban College and the

Village of Dixmoor, serving as a police officer.

**ANSWER:**     Defendant admits that Bridgeforth was at various times relevant to this Complaint an employee of the Village of Dixmoor serving as a police officer. Defendant has insufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6.     At all times relevant to this Complaint at Law, Officer Bridgeforth was acting

under color of law and within the scope of employment with South Suburban College in one

incident and the Village of Dixmoor in the other.

**ANSWER:**     Defendant admits that Bridgeforth was acting under color of law and within the scope of his employment with Defendant Village of Dixmoor as to the alleged February 19, 2017, incident. Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     Defendant South Suburban College is a community college in South Holland,

Illinois. All police officers of the South Suburban College are vested by the State of Illinois with

full police authority. At all times relevant to one of two incidents at issue to this Complaint at

Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

**ANSWER:**     **Defendant admits that it employed Bridgeforth at the time of the alleged incident on February 19, 2017. Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.**

8.     Defendant Village of Dixmoor is a municipal corporation in the County of Cook, State of Illinois. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Officer Bridgeforth.

**ANSWER:**     **Defendant admits that it is a municipal corporation in Cook County, Illinois, and that it employed Bridgeforth at the time of the alleged incident on February 19, 2017.**

## FACTUAL ALLEGATIONS

9.     Officer Bridgeforth waged a vendetta against Mr. Mullins by falsely arresting him two different times in two different jurisdictions within three months.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.**

### First of Two False Arrests by Officer Bridgeforth of Mr. Mullins

10.     On or about November 17, 2016, Mr. Mullins was located at South Suburban College, 15800 South State Street, South Holland, Illinois.

**ANSWER:**     **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.**

11.     At this time, Officer Bridgeforth was a police officer with the South Suburban College Police Department.

**ANSWER:**     **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.**

12.     Officer Bridgeforth detained Mr. Mullins without a lawful basis.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.**

13.     Officer Bridgeforth searched Mr. Mullins' automobile without legal grounds.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.**

14.     Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.**

15.     Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.**

16.     Mr. Mullins had committed no crimes whatsoever.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.**

17.     Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.**

18.     The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint.**

19.     As a result of this arrest and Officer Bridgeforth's fabrication of evidence, Plaintiff

was unjustly deprived of his liberty and remained in custody for a period of time.

**ANSWER:**     **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint.**

20.     Plaintiff suffered other damages.

**ANSWER:**     **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint.**

### Second of Two False Arrests by Officer Bridgeforth of Mr. Mullins

21.     On or about February 19, 2017, Mr. Mullins was driving at approximately 153rd

Street and Wood Street in Dixmoor, Illinois. Mr. Mullins drove to 148th Street and Wood Street,

in Harvey, Illinois.

**ANSWER:**     **Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22.     At this time, Officer Bridgeforth was a police officer with the Village of

Dixmoor Police Department.

**ANSWER:**     **Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.**

23.     At 158th Street and Wood Street, in Harvey, Illinois, Officer Bridgeforth

conducted a police stop of Mr. Mullins without a lawful basis.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.**

24.     This police stop occurred four days before a court hearing in which Mr.

Mullins was a criminal defendant based on Officer Bridgeforth's first false arrest of Mr.

Mullins, on November 17, 2017, detailed above.

**ANSWER:** **Defendant has insufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.**

25. Officer Bridgeforth planted marijuana in Mr. Mullins' automobile.

**ANSWER:** **Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.**

26. Without probable cause, Officer Bridgeforth arrested Mr. Mullins for possession of marijuana and resisting arrest, the same charges he filed against Mr. Mullins on November 17, 2017.

**ANSWER:** **Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.**

27. Mr. Mullins had committed no crimes whatsoever.

**ANSWER:** **Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.**

28. Officer Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**ANSWER:** **Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.**

29. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.**

30. As a result of this arrest and the Officer Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

**ANSWER:** **Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.**

6

31.     Plaintiff suffered other damages.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.**

## COUNT I
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
## AGAINST OFFICER BRIDGEFORTH
## FOR INCIDENT DATED NOVEMBER 17, 2016

**Defendant Village of Dixmoor makes no response to the allegations contained in Count I of Plaintiff's Complaint at Law because said allegations are directed toward a different Defendant.**

## COUNT II
## SECTION 1983 FALSE ARREST/UNLAWFUL SEIZURE
## AGAINST OFFICER BRIDGEFORTH
## FOR INCIDENT DATED FEBRUARY 19, 2017

36.     Plaintiff incorporates paragraphs 1 through 9, and 21 through 31, by reference as if fully set forth herein.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1 through 9, and 21 through 31, as if fully set forth herein.**

37.     South Suburban College Police Officer Tory Bridgeforth did not have probable cause to arrest the Mr. Mullins on February 19, 2017.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.**

38.     The actions of Officer Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:**     **Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.**

39.     As a direct and proximate consequence of said conduct of Officer Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.**

## COUNT III
## SECTION 1983 EQUAL PROTECTION CLASS-OF-ONE

40.    Plaintiff incorporates paragraphs 1 through 31 by reference as if fully set

forth herein.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.**

41.    Plaintiff was the victim of discrimination intentionally visited on him by a

state actor, Officer Bridgeforth, who knew or should have known that he had no

justification, based on his public duties, for singling out the Plaintiff for unfavorable

treatment.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.**

42.    Officer Bridgeforth acted for personal reasons, with discriminatory intent

and effect.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.**

43.    As a direct and proximate consequence of said conduct of Officer

Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty,

monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:**    **Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.**

## COUNT IV
## INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102
## AGAINST SOUTH SUBURBAN COLLEGE

**Defendant Village of Dixmoor makes no response to the allegations contained in**

**Count IV of Plaintiff's Complaint at Law because said allegations are directed toward a**

**different Defendant.**

## COUNT V
## INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102
## AGAINST VILLAGE OF DIXMOOR

47.     Plaintiff incorporates paragraphs 1 through 9, paragraphs 21 through 31,

paragraphs 36 through 39, and paragraphs 41 to 43 by reference as if fully set forth herein.

**ANSWER:**     **Defendant incorporates its answers to paragraphs 1 through 9, paragraphs 21 through 31, paragraphs 36 through 39, and paragraphs 41 to 43 as if fully set forth herein.**

48.     Illinois law provides that public entities are directed to pay any tort judgment

for compensatory damages for which employees are liable within the scope of their

employment activities.

**ANSWER:**     **Defendant admits the allegations contained in paragraph 48 of Plaintiff's Complaint.**

49.     Officer Bridgeforth was an employee of the Village of Dixmoor and acted

within the scope of his employment for the Village of Dixmoor in committing the acts

described herein.

**ANSWER:**     **Defendant admits that Officer Bridgeforth was an employee of the Village of Dixmoor and acted within the scope of his employment for the Village of Dixmor.  Defendant denies the remaining allegations contained in paragraph 49 of Plaintiff's Complaint.**

WHEREFORE, Defendant VILLAGE OF DIXMOOR denies that the Plaintiff is entitled

to any judgment whatsoever against it and prays that this Honorable Court will enter a

judgment in its favor and allow for the costs of defending this lawsuit.

Defendant demands trial by jury.

s/ Michael D. Bersani
MICHAEL D. BERSANI, Atty No. 06200897
*Attorney for Defendant Village of Dixmoor*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Ste. 195
Itasca, IL  60143-3156
P: 630-773-4774   F: 630-773-4851
mbersani@hcbattorneys.com

9

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-3676 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Virginia M. Kendall |
| TORY BRIDGEFORTH, SOUTH SUBURBAN | ) | |
| COLLEGE, and VILLAGE OF DIXMOOR, | ) | JURY TRIAL DEMANDED |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2018, I electronically filed the foregoing *Answer to Plaintiff's Complaint at Law* on behalf of Defendant Village of Dixmoor with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**TO:**    David S. Lipschultz
Law Offices of David S. Lipschultz, Inc.
200 S. Michigan Ave., Suite 201
Chicago, IL 60604
312-414-1778 F #: 312-414-1887
david@dsllawoffice.com

Michael J. Victor
O'Halloran Kosoff Geitner & Cook LLC
650 Dundee Road Suite 475
Northbrook, IL 60062
847-291-0200
Email: mvictor@okgc.com

K. Austin Zimmer (#6276227)
Timothy A.M. Woerner
DEL GALDO LAW GROUP, LLC.
1441 S. Harlem Ave.
Berwyn, IL 60402
(708) 222.7000 (t) | (708) 222.7001 (f)
zimmer@dlglawgroup.com

s/ Michael D. Bersani
MICHAEL D. BERSANI, Atty No. 06200897
*Attorney for Defendant Village of Dixmoor*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Ste. 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
mbersani@hcbattorneys.com