IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MULLINS,<br>　　　Plaintiff,<br>v.<br><br>TORY BRIDGEFORTH, SOUTH<br>SUBURBAN COLLEGE, and VILLAGE<br>OF DIXMOOR, ILLINOIS,<br>　　　Defendants. | Case No. 18 CV 3676 |

**TORY BRIDGEFORTH'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant TORY BRIDGEFORTH ("Bridgeforth"), by and through his attorney, K. Austin Zimmer, of Del Galdo Law Group, LLC., and answers Plaintiff, JEFFREY MULLINS ("Mullins"), Complaint herein as follows:

**Jurisdiction and Venue**

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of law.

**Answer:** *Bridgeforth admits that this action is brought under § 1983, but denies that any deprivations of Plaintiff's civil rights occurred and so denies any and all other allegations contained or implied in Paragraph 1.*

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 2.*

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

**Answer:** *Bridgeforth admits that venue is proper, but denies that "the acts complained of" actually "took place" as stated by Plaintiff, and so denies any and all other allegations contained or implied in Paragraph 3.*

## Parties

4. The Plaintiff, [Mullins], is a resident of the State of Illinois.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 4.*

5. Defendant, [Bridgeforth], was, at various times relevant to this Complaint, an employee of South Suburban College and the Village of Dixmoor, serving as a police officer.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 5.*

6. At all times relevant to this Complaint at Law, Bridgeforth was acting under color of law and within the scope of employment with South Suburban College in one incident and the Village of Dixmoor in the other.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 6.*

7. Defendant South Suburban College is a community college in South Holland, Illinois. All police officers of the South Suburban College are vested by the State of Illinois with full police authority. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor (sic) was the employer of Bridgeforth.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 7.*

8. Defendant Village of Dixmoor is a municipal corporation in the County of Cook, State of Illinois. At all times relevant to one of two incidents at issue to this Complaint at Law, the Village of Dixmoor was the employer of Bridgeforth.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 8.*

## Factual Allegations

9. Bridgeforth waged a vendetta against Mullins by falsely arresting him two different times in two different jurisdictions within three months.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 9.*

### First of Two False Arrests by Bridgeforth of Mullins

10. On or about November 17, 2016, Mullins was located at South Suburban College, 15800 South State Street, South Holland, Illinois.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 10.*

11. At this time, Bridgeforth was a police officer with the South Suburban College Police Department.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 11.*

12. Bridgeforth detained Mullins without a lawful basis.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 12.*

13. Bridgeforth search Mullins automobile without legal grounds.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 13.*

14. Bridgeforth planted marijuana in Mullins' automobile.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 14.*

15. Without probable cause, Bridgeforth arrested Mullins for possession of marijuana and resisting arrest.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 15.*

16. Mullins had committed no crimes whatsoever.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 16.*

17. Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 17.*

18. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

**Answer:** *Bridgeforth has insufficient information to admit or deny the motivations of prosecutors in pursuing charges against Plaintiff; if an answer is required, Bridgeforth refers Plaintiff to his answer to Paragraph 17 above and*

*reincorporates the same as if fully stated here, such that, having denied predicate allegations that a "falsified" report existed, Bridgeforth further denies that reliance on such non-existent report could have occurred.*

19. As a result of this arrest and Bridgeforth's fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 19.*

20. Plaintiff suffered other damages.

**Answer:** *Bridgeforth has insufficient information to admit or deny conclusively without identification of "other damages," but on information and belief, denies that Plaintiff has suffered any legally cognizable damages whatsoever.*

Second of Two False Arrests by Bridgeforth of Mullins

21. On or about February 19, 2017, Mullins was driving at approximately 153rd Street and Wood Street in Dixmoor, Illinois. Mullins drove to 148th Street and Wood Street in Harvey, Illinois.

**Answer:** *Bridgeforth has insufficient information to admit or deny; if an answer is required, Bridgeforth denies the allegations contained in Paragraph 21.*

22. At this time, Bridgeforth was a police officer with the Village of Dixmoor Police Department.

**Answer:** *Bridgeforth admits the allegations contained in Paragraph 22.*

23. At 158th Street and Wood Street in Harvey, Illinois, Bridgeforth conducted a police stop of Mullins without a lawful basis.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 23.*

24. This police stop occurred four days before a court hearing in which Mullins was a criminal defendant based on Bridgeforth's first false arrest of Mullins, on November 17, 2017, detailed above.

**Answer:** *Bridgeforth has insufficient information to admit or deny; if an answer is required, Bridgeforth denies the allegations contained in Paragraph 21.*

25. Bridgeforth planted marijuana in Mullins' automobile.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 25.*

26. Without probable cause, Bridgeforth arrested Mullins for possession of marijuana and resisting arrest, the same charges he filed against Mullins on November 17, 2017.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 26.*

27. Mullins had committed no crimes whatsoever.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 27.*

28. Bridgeforth falsified the arrest report concerning the Plaintiff and this incident.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 28.*

29. The falsified arrest report was received by prosecutors and relied upon in commencing and continuing the criminal prosecution of Plaintiff.

**Answer:** *Bridgeforth has insufficient information to admit or deny the motivations of prosecutors in pursuing charges against Plaintiff; if an answer is required, Bridgeforth refers Plaintiff to his answer to Paragraph 28 above and reincorporates the same as if fully stated here, such that, having denied predicate allegations that a "falsified" report existed, Bridgeforth further denies that reliance on such non-existent report could have occurred.*

30. As a result of this arrest and the Bridgeforth (sic)'s fabrication of evidence, Plaintiff was unjustly deprived of his liberty and remained in custody for a period of time.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 30.*

31. Plaintiff suffered other damages.

**Answer:** *Bridgeforth has insufficient information to admit or deny conclusively without identification of "other damages," but on information and belief, denies that Plaintiff has suffered any legally cognizable damages whatsoever.*

**Count I: Section 1983 False Arrest/Unlawful Seizure Against Bridgeforth for Incident Dated November 17, 2016**

32. Plaintiff incorporates paragraphs 1 through 20 by reference as if fully set forth herein.

**Answer:** *Bridgeforth incorporates his answers to said paragraphs by reference as if fully set forth here.*

33. South Suburban College Bridgeforth did not have probable cause to arrest the Mullins on November 17, 2016.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 33.*

34. The actions of Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 34.*

35. As a direct and proximate consequence of said conduct of Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 35.*

WHEREFORE, Bridgeforth respectfully requests judgment in his favor on Count I.

**Count II: Section 1983 False Arrest/Unlawful Seizure Against Bridgeforth for Incident Dated February 19, 2017**

36. Plaintiff incorporates paragraphs 1 through 9, and 21 through 31, by reference as if fully set forth herein.

**Answer:** *Bridgeforth incorporates his answers to said paragraphs by reference as if fully set forth here.*

37. South Suburban College Bridgeforth did not have probable cause to arrest the Mullins on February 19, 2017.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 37.*

38. The actions of Bridgeforth violated the Plaintiff's Fourth Amendment rights, and were in violation of said rights protected by 42 U.S.C. §1983.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 38.*

39. As a direct and proximate consequence of said conduct of Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 39.*

WHEREFORE, Bridgeforth respectfully requests judgment in his favor on Count II.

### Count III: Section 1983 Equal Protection Class-of-One

40. Plaintiff incorporates paragraphs 1 through 31 by reference as if fully set forth herein.

**Answer:** *Bridgeforth incorporates his answers to said paragraphs by reference as if fully set forth here.*

41. Plaintiff was the victim of discrimination intentionally visited on him by a state actor, Bridgeforth, who knew or should have known that he had no justification, based on his public duties, for singling out the Plaintiff for unfavorable treatment.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 41.*

42. Bridgeforth acted for personal reasons, with discriminatory intent and effect.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 42.*

43. As a direct and proximate consequence of said conduct of Bridgeforth, the Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

**Answer:** *Bridgeforth denies the allegations contained in Paragraph 43.*

WHEREFORE, Bridgeforth respectfully requests judgment in his favor on Count III.

### Count IV: Indemnification Claim Pursuant to 745 ILCS 10/9-102 Against South Suburban College

44. Plaintiff incorporates paragraphs 1 through 20, paragraphs 32 through 35, and paragraphs 41 to 43 by reference as if fully set forth herein.

**Answer:** *Count IV is not pled against Bridgeforth, therefore no answer is required.*

45. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**Answer:** *Count IV is not pled against Bridgeforth, therefore no answer is required.*

46. Bridgeforth was an employee of South Suburban College and acted within the scope of his employment for the South Suburban College Police Department in committing the acts described herein.

**Answer:** *Count IV is not pled against Bridgeforth, therefore no answer is required.*

### Count V: Indemnification Claim Pursuant to 745 ILCS 10/9-102 Against Village of Dixmoor

47. Plaintiff incorporates paragraphs 1 through 9, paragraphs 21 through 31, paragraphs 36 through 39, and paragraphs 41 to 43 by reference as if fully set forth herein.

**Answer:** *Count V is not pled against Bridgeforth, therefore no answer is required.*

48. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**Answer:** *Count V is not pled against Bridgeforth, therefore no answer is required.*

49. Bridgeforth was an employee of the Village of Dixmoor and acted within the scope of his employment for the Village of Dixmoor in committing the acts described herein.

**Answer:** *Count V is not pled against Bridgeforth, therefore no answer is required.*

WHEREFORE, Bridgeforth respectfully requests that Plaintiff's Complaint, as pled against him, be dismissed in its entirety, with prejudice, and for any and all such other relief as is just and proper.

Respectfully submitted,
TORY BRIDGEFORTH

By: _/s/_ *K. Austin Zimmer*
*One of Bridgeforth's attorneys*

K. Austin Zimmer (#6276227)
Timothy A.M. Woerner
DEL GALDO LAW GROUP, LLC.
*Attorneys for Bridgeforth*
1441 S. Harlem Ave.,
Berwyn, IL 60402
(708) 222.7000 (t) | (708) 222.7001 (f)
zimmer@dlglawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MULLINS, ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | Case No. 18 CV 3676 |
| TORY BRIDGEFORTH, SOUTH ) | |
| SUBURBAN COLLEGE, and VILLAGE ) | |
| OF DIXMOOR, ILLINOIS, ) | |
|     Defendants. ) | |

## AFFIRMATIVE DEFENSES

NOW COMES Defendant TORY BRIDGEFORTH ("Bridgeforth"), by and through his attorney, K. Austin Zimmer, of Del Galdo Law Group, LLC., and states the following affirmative defenses to Plaintiff, JEFFREY MULLINS ("Mullins"), Complaint herein:

**First Affirmative Defense**

1. At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent officer, objectively viewing the facts and circumstances then confronting Bridgeforth, could have believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. Bridgeforth, therefore, is entitled to qualified immunity as a matter of law.

                              Respectfully submitted,
                              TORY BRIDGEFORTH

               By:    _/s/_ *K. Austin Zimmer*
                         *One of Bridgeforth's attorneys*

K. Austin Zimmer (#6276227)
Timothy A.M. Woerner
DEL GALDO LAW GROUP, LLC.
*Attorneys for Bridgeforth*
1441 S. Harlem Ave.,
Berwyn, IL 60402
(708) 222.7000 (t) | (708) 222.7001 (f)
zimmer@dlglawgroup.com